CHARLSTON, REVICH & CHAMBERLIN LLP
Jeffrey A. Charlston (State Bar No. 065427)
Stephen P. Soskin (State Bar No. 101389)
Thomas S. Flynn (State Bar No. 194231)
1925 Century Park East, Suite 1250
Los Angeles, California 90067
Telephone: (310) 551-7000
Facsimile: (310) 203-9321
E-Mail Address: jcharlston@crcllp.com

Attorneys For Plaintiff
Metropolitan Direct Property and
Casualty Insurance Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

METROPOLITAN DIRECT PROPERTY
AND CASUALTY INSURANCE
COMPANY, a Rhode Island Corporation,

          Plaintiff,

    v.

MALCOLM M. SYNIGAL, SR., an
individual, and ANGELA M. SYNIGAL,
an individual, and DANITA KING, an
individual,

          Defendants.

CASE NO.

C 07 5466

COMPLAINT FOR
DECLARATORY RELIEF

JL

COMES NOW Metropolitan Direct Property and Casualty Insurance

Company ("Metropolitan Direct"), and for its complaint alleges:

## INTRODUCTION.

1. Metropolitan Direct seeks a judicial determination pursuant to 28 U.S.C.

§2201 that coverage does not exist under a homeowners insurance policy issued by

Metropolitan Direct to Malcolm M. Synigal, Sr. and Angela M. Synigal ("the

CHARLSTON, REVICH & CHAMBERLIN LLP
Jeffrey A. Charlston (State Bar No. 065427)
Stephen P. Soskin (State Bar No. 101389)
Thomas S. Flynn (State Bar No. 194231)
1925 Century Park East, Suite 1250
Los Angeles, California 90067
Telephone: (310) 551-7000
Facsimile: (310) 203-9321
E-Mail Address: jcharlston@crcllp.com

Attorneys For Plaintiff
Metropolitan Direct Property and
Casualty Insurance Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island Corporation, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| v. | |
| MALCOLM M. SYNIGAL, SR., an individual, and ANGELA M. SYNIGAL, an individual, and DANITA KING, an individual, | |
| Defendants. | |

COMES NOW Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan Direct"), and for its complaint alleges:

### INTRODUCTION.

1. Metropolitan Direct seeks a judicial determination pursuant to 28 U.S.C. §2201 that coverage does not exist under a homeowners insurance policy issued by Metropolitan Direct to Malcolm M. Synigal, Sr. and Angela M. Synigal ("the

1  Metropolitan Direct Homeowners Policy") for claims asserted by Danita King against

2  them which arise out of the killing of Danita King's daughter, Nadawn Brown,  by Marlin

3  Synigal, the son of Malcolm M. Synigal, Sr. and Angela M. Synigal.

4

5        2.  The Metropolitan Direct Homeowners Policy does not afford coverage

6  for bodily injury, including death, which results from the criminal conduct of any insured,

7  irrespective of whether the person engaging in such criminal conduct lacked the mental

8  capacity to govern his conduct.  Because Marlin Synigal qualifies as an "insured" person

9  under the Metropolitan Direct Homeowners Policy, and because the death of Danita

10  King's daughter was the result of criminal conduct, no coverage exists for Malcolm M.

11  Synigal, Sr. or Angela M. Synigal under the Metropolitan Direct Homeowners Policy.

12

13        <u>JURISDICTION AND VENUE</u>

14

15        3.  This Court has jurisdiction over the subject matter of this action pursuant

16  to 28 U.S.C.§ 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000,

17  exclusive of interest and costs, and is between citizens of different states.  The

18  Metropolitan Direct Homeowners Policy has limits of liability of $500,000, and the

19  underlying claim for wrongful death exceeds the sum of $75,000.

20

21        4.  Pursuant to 28 U.S.C. § 1391(1), venue is appropriate in the San

22  Francisco or Oakland Division of the Northern District of California because jurisdiction

23  is founded upon diversity of citizenship, the defendants reside in Contra Costa County,

24  which is within the San Francisco or Oakland Division of the Northern District of

25  California, and the killing of Danita King's daughter by Marlin Synigal occurred in

26  Contra Costa County which, as noted, is within the San Francisco or Oakland Division of

27  the Northern District of California.

28  ///

THE PARTIES.

5. At all times herein mentioned, plaintiff Metropolitan Direct was a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 700 Quaker Lane, Warwick, Rhode Island, and a citizen of the State of Rhode Island.

6. At all times herein mentioned, each of the defendants was an individual residing in the City of Oakley, Contra Costa County, State of California, and a citizen of the State of California.

FACTUAL BACKGROUND.

The Murder Of Nadawn Brown

7. On or about March 22, 2006, Nadawn Brown, the daughter of Danita King, was killed by Marlin Synigal.

8. Marlin Synigal is the son of Malcolm M. Synigal, Sr., and Angela M. Synigal.

9. At the time of Nadawn Brown's death, Marlin Synigal resided with his parents, Malcolm M. Synigal, Sr., and Angela M. Synigal, at the family residence located at 4585 E. Monte Court, Oakley, California 94561..

10. As a result of the killing of Nadawn Brown by Marlin Synigal, Marlin Synigal has been charged with violation of California Penal Code §187 (Murder), and violation of California Penal Code §459/460(a) (First Degree Residential Burglary).

-3-

1        11.  As a further result of the killing of Nadawn Brown by Marlin Synigal,

2   Marlin Synigal has been charged with violation of California Penal Code §12022(b)(1),

3   use of a deadly/dangerous weapon in that it is alleged that Marlin Synigal used, in

4   committing the death of Nadawn Brown, "a Dumbbell Bar, a deadly and dangerous

5   weapon."

6

7        12.  A true and correct copy of the Felony Complaint setting forth the

8   charges against Marlin Synigal is attached hereto as Exhibit "A" and incorporated herein

9   by this reference.

10

11        The Wrongful Death Claims Of Danita King

12

13        13.  Danita King has brought an action against Malcolm M. Synigal, Sr.

14   Angela M. Synigal, and Marlin Synigal to recover damages for the wrongful death of her

15   daughter, Nadawn Brown.

16

17        14.  Danita King contends that Malcolm M. Synigal and Angela M. Synigal

18   are liable for the death of her daughter, Nadawn Brown, because they negligently failed to

19   supervise their son, Marlin Synigal.

20

21        15.  A true and correct copy of the complaint for wrongful death filed by

22   Danita King against Malcolm M. Synigal, Sr. Angela M. Synigal, and Marlin Synigal is

23   attached hereto as Exhibit "B" and incorporated herein by this reference.

24   ///

25   ///

26   ///

27   ///

28   ///

-4-

1   <u>The Metropolitan Direct Homeowners Policy</u>

2

3       16.  On or about March 22, 2007, Malcolm M. Synigal, Sr. and Angela M.

4   Synigal were insured under a V.I.P. Plus Homeowners Insurance Policy bearing policy

5   number 8993590640.

6

7       17.  A true and correct copy of the Metropolitan Direct Homeowners Policy

8   is attached hereto as Exhibit "C," and incorporated herein by this reference.

9

10      18.  The first paragraph of the Metropolitan Direct Homeowners Policy

11  provides, in pertinent part:

12

13          The terms of this policy impose joint obligations on all persons

14          defined as **"you"**.  This means that the responsibilities, acts and

15          failures to act of a person defined as **"you"** will be binding upon

16          another person defined as **"you"**.

17

18      19.  The Metropolitan Direct Homeowners Policy affords various types of

19  insurance coverage for the Synigal residence located at 4585 El Monte Court, Oakley,

20  California, including coverage for damage to the dwelling located on the property, damage

21  to private structures, and loss of personal property,

22

23      20.  The Metropolitan Direct Homeowners Policy also affords the following

24  coverage under the section entitled **COVERAGE F - PERSONAL LIABILITY**:

25

26          **We** will pay all sums for **bodily injury** ... to others for which the

27          law holds **you** responsible because of an **occurrence**. ...

28  ///

-5-

1        21.  The Metropolitan Direct Homeowners Policy contains the following

2   definitions of "bodily injury":

3

4            **"BODILY INJURY"** means any bodily harm, sickness or disease.

5            This term includes required care, loss of services and death if it is

6            a result of such bodily injury, sickness or disease.

7

8        22.  The Metropolitan Direct Homeowners Policy contains the following

9   definitions of "occurrence":

10

11           **"OCCURRENCE"** means an accident, including continuous or

12           repeated exposure to substantially the same harmful conditions,

13           resulting in **bodily injury** ... during the term of the policy.

14

15       23.  The Metropolitan Direct Homeowners Policy contains the following

16   definitions of "you" and "your":

17

18           **"YOU"** and **"YOUR"** mean:

19

20           1. the person or persons named in the Declarations and if a

21              resident of the same household:

22              A.  the spouse of such person or persons;

23              B.  the relatives of either;

24              C.  any other person under the age of twenty-one and in the

25                  care of any of the above.

26  ///

27  ///

28  ///

-6-

1    24.  The Metropolitan Direct Homeowners Policy contains the following

2    exclusion in that part of the policy entitled **SECTION II - LOSSES WE DO NOT COVER**:

3

4    **UNDER COVERAGE F - PERSONAL LIABILITY ... WE DO NOT**

5    **COVER**

6

7    1. **bodily injury** .. which is reasonably expected or intended by

8        **you** or which is the result of **your** intentional and criminal acts.

9        This exclusion is applicable even if **you** lack the mental

10       capacity, for whatever reason, to govern **your** conduct

11

12    25.  On March 22, 2006, Malcolm M. Synigal, Sr. and Angela M. Synigal

13   came within the definition set forth in the Metropolitan Direct Homeowners Policy of

14   "you" and "your" because they were both identified in the Metropolitan Direct

15   Homeowners Policy as the "Named Insured."

16

17    26. On March 22, 2006, Marlin Synigal came within the definition set forth

18   in the Metropolitan Direct Homeowners Policy of "you" and "your" because he was a

19   relative of the "Named Insured,"

20

21    27. On March 22, 2006, Marlin Synigal came within the definition set forth

22   in the Metropolitan Direct Homeowners Policy of "you" and "your" because he was under

23   the age of 21 and was in the care of the "Named Insured."

24

25    28.  The killing of Nadawn Brown was an intentional and/or criminal act

26   committed by Marlin Synigal.

27   ///

28   ///

-7-

1    29.  The killing of Nadawn Brown comes within the scope of the exclusion

2  quoted above in Paragraph 24 of this Complaint because it was an intentional or criminal

3  act, and the exclusion applies whether or not Marlin Synigal had the mental capacity to

4  govern his conduct.

5

6    30.  The exclusion quoted above in Paragraph 24 of this Complaint applies

7  to all parties coming within the definition in the Metropolitan Direct Homeowners Policy

8  of "you" and/or "your."

9

10                      FIRST CLAIM FOR RELIEF

11           (Declaratory Relief - No Coverage The Metropolitan

12     Direct Homeowners Policy For The Wrongful Death Claims of Danita King)

13

14    31.  Plaintiff refers to the foregoing paragraphs 1 through 30 and

15  incorporates the same herein by this reference.

16

17    32.  An actual controversy has arisen and now exists between plaintiff and

18  defendants, and each of them, in that plaintiff contends, and is informed and believe that

19  defendants deny, that no coverage exists under the Metropolitan Direct Homeowners

20  Policy for the wrongful death claims asserted by Danita King against Malcolm M.

21  Synigal, Sr. and Angela M. Synigal because the death of the daughter Danita King does

22  not constitute an "occurrence," that is and "accident," as such terms is used and defined in

23  the Metropolitan Direct Homeowners Policy.

24

25    33.  Plaintiff seeks, and is entitled to obtain, a declaration that no coverage

26  exists under the Metropolitan Direct Homeowners Policy for the wrongful death claims

27  asserted by Danita King against Malcolm M. Synigal, Sr. and Angela M. Synigal because

28  the death of the daughter Danita King does not constitute an "occurrence," that is and

                                    -8-

1    "accident," as such terms is used and defined in the Metropolitan Direct Homeowners

2    Policy.

3

4          34. Plaintiff seeks, and are entitled to obtain, a declaration that because no

5    coverage exists under the Metropolitan Direct Homeowners Policy for the wrongful death

6    claims asserted by Danita King against Malcolm M. Synigal, Sr. and Angela M. Synigal,

7    plaintiff owes no duties, whether for defense, indemnity or otherwise, to defendants, and

8    each of them, or any of them.

9

10                    SECOND CLAIM FOR RELIEF

11              (Declaratory Relief - No Coverage The Metropolitan

12    Direct Homeowners Policy For The Wrongful Death Claims of Danita King)

13

14          35.  Plaintiff refers to the foregoing paragraphs 1 through 30 and

15    incorporates the same herein by this reference.

16

17          36.  An actual controversy has arisen and now exists between plaintiff and

18    defendants, and each of them, in that plaintiff contends, and is informed and believe that

19    defendants deny, that no coverage exists under the Metropolitan Direct Homeowners

20    Policy for the wrongful death claims asserted by Danita King against Malcolm M.

21    Synigal, Sr. and Angela M. Synigal because such claims come within the scope of the

22    exclusion contained in the Metropolitan Direct Homeowners Policy which precludes

23    coverage for an intentional or criminal act, even if the perpetrator lacked the mental

24    capacity to control his actions.

25

26          37.  Plaintiff seeks, and is entitled to obtain, a declaration that no coverage

27    exists under the Metropolitan Direct Homeowners Policy for the wrongful death claims

28    asserted by Danita King against Malcolm M. Synigal, Sr. and Angela M. Synigal because

1  such claims come within the scope of the exclusion contained in the Metropolitan Direct

2  Homeowners Policy which precludes coverage for an intentional or criminal act, even if

3  the perpetrator lacked the mental capacity to control his actions.

4

5           38. Plaintiff seeks, and are entitled to obtain, a declaration that because no

6  coverage exists under the Metropolitan Direct Homeowners Policy for the wrongful death

7  claims asserted by Danita King against Malcolm M. Synigal, Sr. and Angela M. Synigal,

8  plaintiff owes no duties, whether for defense, indemnity or otherwise, to defendants, and

9  each of them, or any of them.

10

11           WHEREFORE, plaintiff prays for judgment against defendants, and each of

12 them, as follows:

13

14          1. For a declaration that no coverage exists for the wrongful death claims

15             asserted by Danita King against Malcolm M. Synigal, Sr. and Angela M.

16             Synigal under the Metropolitan Direct Homeowners Policy;

17

18          2. For a declaration that Metropolitan Direct owes no duties, whether for

19             defense, indemnity or otherwise, to defendants, and each of them, or any

20             of them, in connection with the wrongful death claims asserted by Danita

21             King against Malcolm M. Synigal, Sr. and Angela M. Synigal;

22

23          3. For plaintiff's costs of suit incurred herein; and

24 ///

25 ///

26 ///

27 ///

28 ///

4. For such other and further relief as the Court deems

appropriate.

Dated:    October 23, 2007

CHARLSTON, REVICH & CHAMBERLIN LLP
JEFFREY A. CHARLSTON
STEPHEN P. SOSKIN


By _____
          Jeffrey A. Charlston
          Attorneys for Plaintiff
Metropolitan Direct Property and
Casualty Insurance Company

-11-