1   RALPH A. LOMBARDI, State Bar No. 048217
    ral@llcllp.com
2   LORI A. SEBRANSKY, State Bar No. 125211
    las@llcllp.com
3   LOMBARDI, LOPER & CONANT, LLP
    Lake Merritt Plaza
4   1999 Harrison Street, Suite 2600
    Oakland, CA 94612-3541
5   Telephone:    (510) 433-2600
    Facsimile:    (510) 433-2699
6
7   Attorneys for Defendants
    MALCOLM M. SYNIGAL, SR. and ANGELA M.
    SYNIGAL
8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   METROPOLITAN DIRECT PROPERTY          Case No.  C-07-5466 JL
     AND CASUALTY INSURANCE
13   COMPANY, a Rhode Island Corporation,  **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN SUPPORT OF**
14              Plaintiff,                 **MOTION TO DISMISS OR, IN THE**
                                           **ALTERNATIVE, TO STAY THIS**
15        v.                               **DECLARATORY RELIEF ACTION**

16   MALCOLM M. SYNIGAL, SR., an           Date:      January 23, 2008
     individual, and ANGELA M. SYNIGAL,    Time:      9:30 a.m.
17   an individual, and DANITA KING, an    Judge:     The Honorable James Larsen
     individual,                           Courtroom: F, 15th Floor
18
                Defendants.
19

20                          INTRODUCTION

21        In this declaratory relief action, Metropolitan seeks to prove its insured intentionally killed

22   Nadawn Brown, the daughter of defendant Danita King, to relieve it of any defense and

23   indemnity obligations under its liability policy.

24        This is the third lawsuit arising from Ms. Brown's death.  State criminal and civil actions

25   already are pending against Metropolitan's insureds in Contra Costa County Superior Court.  A

26   declaration that coverage does not apply would require this Court to determine the *same factual*

27   *issues that already are pending* in both the state criminal and civil actions: *e.g.,* whether the

28   insured intended to kill Nadawn Brown (or whether he even was capable of forming the specific

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   intent required to constitute murder given his diminished mental capacity), whether Ms. Brown's

2   death was inflicted in self-defense, whether her death was an unfortunate result of the insured's

3   negligence, or whether it simply was a tragic accident.

4       Because of these overlapping factual issues, which have yet to be determined, we submit

5   this Court should refrain from exercising declaratory relief jurisdiction.  Proceeding with the

6   declaratory relief action under these circumstances would generate duplicative litigation (and the

7   numerous problems that go with it).  More importantly, Metropolitan's claim that the insured

8   committed an intentional and criminal would severely prejudice the insured's ability to defend

9   both the criminal and civil suits.

10      I.      FACTUAL BACKGROUND

11              A.      The State Criminal Action

12      On March 24, 2006, a criminal complaint was filed against Marlin Synigal in Contra

13  Costa County Superior Court.  (Ex. A to Metropolitan's Declaratory Relief Complaint.)  The

14  complaint alleges that on March 22, 2006, Marlin broke into the house belonging to Nadawn

15  Brown and killed her with a Dumbbell Bar.  Marlin was charged with murder and residential

16  burglary.

17      Marlin, who was 16 years old at the time of the incident, has severe developmental

18  disabilities.  His personal counsel reports that Marlin was determined to be incapable of standing

19  trial, and so the criminal proceedings have been suspended.  He will remain incarcerated in

20  Contra Costa County until there is space for him in the Porterville State Hospital.  (*See,* letter

21  from attorney William E. Gagen, Jr. to Metropolitan, Ex. 1 to accompanying Sebransky

22  declaration.)

23              B.      The State Civil Action

24      On August 29, 2007, Nadawn Brown's mother, Danita King, filed a civil suit against

25  Marlin Synigal and his parents, Malcolm and Angela Synigal, styled *King v. Synigal*, Contra

26  Costa County Superior Court Action No. C07 01910.  (Ex. B to Metropolitan's Declaratory Relief

27  Complaint.)

28  / / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    That complaint states two causes of action, but substantively asserts three claims: 1)

2   **negligence** against Malcolm and Angela Synigal [for negligently supervising their son]; 2)

3   **negligence** against Marlin [claiming he was "negligent in the manner in which he accosted

4   Plaintiff's daughter," which resulted in her death]; and 3) **intentional tort** against Marlin

5   [alleging he intentionally assaulted Nadawn Brown].  (*See,* Ex. B at pp. 4-5.)  Plaintiff seeks

6   compensatory and punitive damages.

7                   C.       The Metropolitan Policy

8    Metropolitan issued homeowner's insurance to the Synigals under policy No.

9   8993590640, effective 2/1/2006 – 2/1/2007.  The policy contains personal liability coverage, with

10   a limit of $500,000.  (Ex. C to Metropolitan's Declaratory Relief Complaint.)  Metropolitan

11   agrees that Marlin, Malcolm and Angela Synigal all were insureds under the policy.  (Dec. Relief

12   Complaint at para. 25-27.)

13    The Synigals tendered the *King* action to Metropolitan for defense and indemnity.  On

14   October 18, 2007, Metropolitan issued a reservation of rights letter, advising that it would defend

15   all three Synigals against the *King* civil suit, but that the claims asserted in the *King* action appear

16   to be excluded by the policy, which does not cover bodily injury resulting from the insured's

17   "intentional and criminal acts."  (Ex. 2 to Sebransky declaration; Ex. C to Declaratory Relief

18   Complaint at p. 17.)  Metropolitan also reserved its right to deny coverage if the bodily injury was

19   caused by Marlin's intentional (as opposed to accidental) conduct.  (Ex. 2 to Sebransky

20   declaration.)

21                   D.       This Declaratory Relief Suit

22    On October 26, 2007, just eight days after issuing its reservation of rights, Metropolitan

23   filed this declaratory relief action against Malcolm Synigal, Angela Synigal and Danita King,

24   seeking an adjudication that coverage does not exist in respect of the negligence and intentional

25   tort claims asserted against the Synigals in the *King* lawsuit.  Metropolitan's coverage position

26   assumes "the killing of Nadawn Brown was an intentional and/or criminal act committed by

27   Marlin Synigal."  (Complaint at para. 28.)

28   / / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    As explained below, Metropolitan's suit is premature and should be dismissed.

2    II.    THIS COURT HAS DISCRETION TO DISMISS OR STAY THIS ACTION

3    The Declaratory Judgment Act allows the court, <u>at its discretion</u>, to adjudicate the parties'

4    rights and obligations on a disputed matter, even if a claim for damages has not yet arisen.  28

5    U.S.C. §2201(a).  A district court, however, is under no compulsion to exercise that jurisdiction.

6    *Brillhart v. Excess Insurance Company of America,* 316 U.S. 491, 494 (1942).  "In the

7    declaratory judgment context, the normal principle that federal courts should adjudicate claims

8    within their jurisdiction yields to considerations of practicality and wise judicial administration."

9    *Wilton v. Seven Falls Co*., 515 US 277, 288 (1995).  Where circumstances warrant, the district

10   court is authorized either to dismiss or stay the declaratory relief proceeding.  *Wilton v. Seven*

11   *Falls Co*., *id.*, 515 US at 283.

12   In deciding whether to retain jurisdiction over a declaratory relief action, the court must

13   strive to avoid needless determination of state law issues, to discourage forum-shopping, and to

14   avoid duplicative litigation.  *Continental Cas. Co. v. Robsac Industries*, 947 F. 2d 1367, 1371 (9th

15   Cir. 1991); *Brillhart v. Excess Insurance Company of America, supra,* 316 U.S. at 495.  To meet

16   these goals, and to honor general considerations of practicality and fairness, a federal court should

17   refuse to exercise declaratory relief jurisdiction when a "parallel action" is pending in state court.[1]

18   *Brillhart v. Excess Insurance Company of America, supra,* 316 U.S. at 495; *Wilton v. Seven Falls*

19   *Co*., *supra*, 515 US at 287-289.  A "parallel action" exists when there is <u>an overlap of factual</u>

20   <u>questions</u> between the two actions; a complete identity of issues and parties is not required.

21   Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL

22   (The Rutter Group 2007), pp. 10-24, section 10:52 – 10:52.1, citing *Polido v. State Farm Mut.*

23   *Auto. Ins. Co.*, 110 F. 3d 1418, 1423 (9th Cir. 1997) [overruled on other grounds in *Govt.*

24   *Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)].  That is precisely the situation here.

25   / / /

26

27   [1] Other circumstances warrant declaratory relief abstention, as well, such as when state law is
     unclear and when the plaintiff has engaged in forum shopping. *See,* Schwarzer, Tashima &
     Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007),
28   pp. 10-20, 10-21, sections 10:47 – 10:10:49.1.

III.   BECAUSE THIS DECLARATORY RELIEF ACTION DEPENDS ON FACTUAL ISSUES TO BE ADJUDICATED IN THE UNDERLYING STATE ACTIONS, IT MUST BE DISMISSED OR STAYED UNTIL THOSE ACTIONS ARE RESOLVED

A.   Declaratory Relief Actions In The Insurance Context

"Parallel actions" are common in the insurance context, where -- as here -- the insured is sued by a third-party in state court, and the insurer brings a declaratory relief action in federal court to determine that its coverage does not apply and that it has no defense or indemnity obligations in respect of the third-party's claims.  When that happens, the declaratory relief action is proper *only* if the insurer's defense to coverage hinges on factual issues that are *unrelated* to the factual issues being litigated in the state liability action.  **The declaratory relief suit is improper if the coverage issue turns on facts at issue in the underlying action against the insured**. *Allstate Insurance Company v. Harris*, 445 F. Supp. 847 (N.D. Cal. 1978) [federal court should decline to exercise declaratory judgment jurisdiction when same issues of state law will necessary be determined in pending state suit]; *Zurich Ins. Co. v. Alvarez*, 669 F. Supp. 307 [district court court declined to exercise declaratory relief jurisdiction where coverage required determination of factual issues present in pending state court proceeding].

This same rule applies under California law.  *Montrose Chem. Corp. v. Sup. Court (Canadian Universal Ins. Co., Inc.)*, 6 Cal. 4th 287, 301-302 (1993) ["…a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action"]; *Calif. Ins. Guar. Ass'n v. Sup. Court (Jakes at the Shore, Inc.)*, 231 Cal. App. 3d 1617, 1623-1624 (1991) ["Generally, an action in declaratory relief will not lie to determine an issue which can be determined in the underlying tort action"].

Courts routinely have recognized an overlap of factual issues in declaratory relief actions in which insurance coverage is contested based on the intentional (as opposed to the negligent or accidental) nature of the insured's conduct.  In *Allstate Insurance Company v. Harris*, *supra*, 445 F. Supp. 847, for example, the insured got into a fight with another party, who was seriously injured.  The injured party filed a personal injury suit against the insured in state court, asserting

POINTS AND AUTH. RE MOTION TO DISMISS OR  STAY C-07-5466 JL

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

intentional tort and negligence claims.  While the state court action was pending, the insurer filed a federal declaratory relief action, seeking a declaration that coverage was excluded because the injury was inflicted intentionally and willfully.  The federal court stayed the declaratory judgment proceeding because the question of the insured's intent would be litigated in the state court liability action:

> To resolve such an issue in a separate federal court proceeding when a similar issue involving the same evidence and essentially the same parties is pending in state court, and when all parties other than the insurance company are citizens of California, causes this court grave concern.  **It is ordinarily neither sound judicial administration nor in the interests of the parties…to permit an out-of-state insurance carrier to drag the parties to a tort action into federal court to try a portion of the overall controversy among the parties.**  [Citations omitted].

*Allstate Insurance Company v. Harris*, *supra*, 445 F. Supp. at 850-851 (our emphasis).  *Also see*, *Nationwide Ins. v. Zavalis,* 52 F.3d 689, 694 (7th Cir .1995) ["When the underlying facts and the nature of the insured's conduct are disputed, the court presiding over the declaratory action typically cannot decide whether the insured acted negligently or intentionally (and consequently whether he has coverage or not) without resolving disputes that should be left to the court presiding over the underlying tort action"]

Again, California courts are in accord.  *Montrose Chem. Corp., supra*, 6 Cal. 4th at 301-302 [when insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious, and presents "the classic situation in which the declaratory relief action should be stayed"]; *David Kleis, Inc. v. Sup. Court (California Ins. Co.)*, 37 Cal. App. 4th 1035, 1051 (1995) [declaratory relief action stayed where coverage denied for a sexual harassment claim against the insured on the basis that the acts were intentional and therefore excluded from coverage]; *Calif. Ins. Guar. Ass'n v. Sup. Court (Jakes at the Shore, Inc.), supra*, 231 Cal. App. 3d at 1623-1624 [insurer could not pursue declaratory relief action where coverage depended on whether insured acted "intentionally," since that issue was part of the underlying

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

POINTS AND AUTH. RE MOTION TO
DISMISS OR  STAY C-07-5466 JL

liability case].

There are many practical reasons for this abstention rule.  First, it would be **duplicative and uneconomical** to litigate the same factual issues in multiple lawsuits.  *Brillhart v. Excess Insurance Company of America, id.,* 316 U.S. at 495 ["Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided."]

Second, as the *Brillhart* court noted, the federal court should not interfere with the **decision-making authority of the state court,** especially when the issues must be decided according to state law.

Third, allowing a parallel federal action to proceed could lead to improper and abusive **forum shopping**.

Fourth, litigating the same factual questions in different courts raises prejudice and comity concerns because of the potential for **inconsistent findings and judgments**, especially in cases involving state law issues (like this one).  *Sherwin-Williams Co. v. Holmes County,* 343 F. 3d 383, 390 (5th Cir. 2003); *Montrose Chem. Corp., supra,* 6 Cal. 4th at 301-302 ["To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate…"].

Fifth, and perhaps most significantly, concurrent litigation of the declaratory relief and liability actions could severely **prejudice the insured**.  It forces the insured to "fight a two-front war."  This not only increases the insured's cost of litigation, but also undermines the insured's contractual right to a defense of the liability case.  *Cal-Farm Ins. Co. v. TAC Exterminators, Inc.*, 172 Cal. App. 3d 564 (1985).  "When an insured calls upon a liability insurer to defend a third party action, the insurer as a general rule may not escape the burden of defense by obtaining a declaratory judgment that it has no duty to defend."  *Montrose Chem. Corp., supra,* 6 Cal. 4th at 305 (conc. opn. of  Kennard, J.).  If an immediate action for declaratory relief were allowed, "the duty to defend eventually would be no broader than the duty to indemnify."  *Cal-Farm Ins. Co. v.*

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1   *TAC Exterminators, Inc.*, *supra,* 172 Cal. App. 3d at 580.

2           B.     The Identical Issues Are Involved In This Case And In The State Court
3                  Actions

4           The overlap in factual issues is instantly recognizable.  The criminal action asserts that

5   Marlin intentionally killed Ms. Brown.  The civil (*King*) suit asserts that Marlin either

6   intentionally or negligently killed Ms. Brown.  Metropolitan's declaratory relief action asserts

7   that Marlin's conduct was intentional and criminal.  All three actions, therefore, raise the same

8   fundamental issues: What was Marlin's mental state at the time?  Did he intend to kill her?  Was

9   it self-defense?  Was it negligence?  Was it an accident?  Coverage cannot be determined until

10  those issues are resolved.  Of course, if Ms. Brown's death were deemed an accident, or a result

11  of Marlin's negligence, this coverage action would be moot.

12          There are other reasons this action must be dismissed or stayed, as well.  First, we know

13  very little about the circumstances surrounding Ms. Brown's death.  Without substantially more

14  information about what happened that day, this Court cannot conclude as a matter of law that

15  Marlin's conduct was intentional and/or criminal, such that the Metropolitan coverage could not

16  possibly apply.

17          But that information will be hard to gather.  None of the three complaints provides any

18  substantive detail, and testimony in the criminal case is precluded because of Marlin's

19  incompetence.  Discovery in the state civil suit is similarly limited by Marlin's mental condition,

20  and by his Constitutional right to not provide testimony in the civil suit that might incriminate

21  him in the criminal proceeding.  (It is hard to imagine that his personal counsel would permit him

22  to participate in discovery in the civil suit until his criminal case is resolved.)  Nor can

23  Metropolitan -- Marlin's own insurer -- force him to conduct discovery in a declaratory relief

24  action that would infringe upon his defense in the criminal case, or prejudice his defense in the

25  civil suit.

26          Second, plaintiff in the civil suit asserts *negligence* claims against both Marlin (for

27  negligent assault) and his parents (for negligent supervision).  Those claims obviously do not

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

POINTS AND AUTH. RE MOTION TO
DISMISS OR  STAY C-07-5466 JL

contemplate intentional or criminal conduct, and certainly create a potential for coverage under the policy that requires Metropolitan to defend.  (If successful, of course, we submit those negligence claims also would require indemnification under the policy.)  Additionally, the claim against Malcolm and Angela Synigal concerns their negligent supervision, which is not dependent on whether Marlin committed an intentional and criminal act.

Third, Metropolitan cannot rely on the "criminal acts" exclusion to avoid its defense obligation, as it seeks to do here.  Under California law, the insurer bears the burden of proving a policy exclusion applies.[2]  *Prichard v. Liberty Mut, Ins. Co.,* 84 Cal. App. 4th 890, 910 (2000).  Until Marlin's intentions and motives are actually adjudicated as "intentional and criminal," the exclusion cannot be deemed applicable.  There remains, therefore, a potential for coverage under the policy, and Metropolitan is obligated to provide a defense.  *Cal-Farm Ins. Co. v. TAC Exterminators, Inc.*, *supra,* 172 Cal. App. 3d 564 [declaratory relief inappropriate where insurer relied on exclusion that could not be applied until underlying suit resolved]; *Horace Mann Ins. Co. v. Barbara B.,* 4 Cal. 4th 1076, 1080 (1993) [liability insurer owes a broad duty to defend its insured against claims that create a mere *potential* for coverage].

Moreover, an insurer is not relieved of its defense obligation just because intentional, willful, or malicious conduct is alleged.  *Sachs v. St. Paul Fire & Marine Ins. Co*., *supra,* 303 F. Supp. at 1340-1341 [insurer had duty to defend in spite of dishonest acts exclusion and allegations of malicious conduct]; *Gray v. Zurich Ins. Co*., 65 Cal. 2d 263, 276 (1966) [insurer required to defend third party complaint against insured alleging a willful, malicious and intentional assault]; *Continental Cas. Co. v. Cole,* 809 F. 2d 891, 897 (1987) ["dishonest acts" exclusion did not excuse duty to defend allegations of malice].

Finally, as courts previously have cautioned, the immediate prosecution of a declaratory relief action would undermine Metropolitan's duty to defend.  This is especially true where, as here, Metropolitan filed its declaratory relief complaint just eight days after reserving rights under the policy.

---

[2] California law applies in this diversity action. *See, Church Mut. Ins. Co. v, United States Liability Ins. Co.*, 347 F. Supp. 880, 883 (ND Cal. 2004).

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1    If this declaratory relief action were allowed to proceed, Metropolitan would be permitted

2   to use its vast resources to prove its own insured intentionally killed Nadawn Brown.  Although

3   Metropolitan might then escape any further exposure under its policy, it would do so by exposing

4   its insureds -- to whom Metropolitan owes the utmost duties of good faith and to whom it owes a

5   vigorous defense -- to a large, unprotected judgment of actual and punitive damages.  Certainly

6   this is not what the legislators envisioned when they enacted the Declaratory Judgments Act.

7    For all these reasons, defendants respectfully submit this Court should abstain from

8   exercising declaratory relief jurisdiction.

9   Dated:    December 3, 2007              LOMBARDI, LOPER & CONANT, LLP

10

11                                          By:    /s/ Lori A. Sebransky

12                                             LORI A. SEBRANSKY
                                               Attorneys for Defendants
13                                             MALCOLM M. SYNIGAL, SR. and
                                               ANGELA M. SYNIGAL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541