```
RALPH A. LOMBARDI, State Bar No. 048217
ral@llcllp.com
LORI A. SEBRANSKY, State Bar No. 125211
las@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:   (510) 433-2600
Facsimile:   (510) 433-2699

Attorneys for Defendants
MALCOLM M. SYNIGAL, SR. and ANGELA M.
SYNIGAL
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MALCOLM M. SYNIGAL, SR., an individual, and ANGELA M. SYNIGAL, an individual, and DANITA KING, an individual,<br><br>Defendants. | Case No. C-07-5466 JL<br><br>**DECLARATION OF LORI A. SEBRANSKY IN SUPPORT OF MOTION TO DISMISS OR STAY**<br><br>Date:      January 23, 2008<br>Time:      9:30 a.m.<br>Judge:     The Honorable James Larsen<br>Courtroom: F, 15th Floor |

I, LORI A. SEBRANSKY, declare:

1.     I am an attorney at law, licensed to practice before this Court, and all courts in the State of California, and am Of Counsel with the law firm of Lombardi, Loper & Conant, LLP, counsel of record for defendants Malcolm M. Synigal and Angela M. Synigal in this action.

2.     This declaration in support of defendant's Motion to Dismiss or Stay is based upon my own knowledge and familiarity with this matter. If called upon I could competently testify to the matters contained herein.

3.     Attached as Exhibit 1 is a true and correct copy of William E. Gagen, Jr.'s October 8, 2007 letter to Tracy Conine of MetLife Auto and Home (Metropolitan), which was provided to

1  our office by Mr. Gagen, who is personal counsel for the Synigals.

2  4. Attached as Exhibit 2 is a true and correct copy of Metropolitan's October 18, 2007 reservation of rights letter to defendants Malcolm and Angela Synigal, which also was provided to our office by Mr. Gagen.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 3, 2007, at Oakland, California.

/s/ Lori A. Sebransky
LORI A. SEBRANSKY

**EXHIBIT 1**



# GagenMcCoy

William E. Gagen, Jr.
Gregory L. McCoy
Patrick J. McMahon
Charles A. Koss
Michael J. Markowitz
Richard C. Raines
Barbara Duval Jewell
Robert M. Fanucci
Allan C. Moore
Stephen T. Buehl
Amanda Bevins
Martin Lysons
Katherine S. Zelazny
Lauren E. Dodge
Sarah S. Nix
Ross Pytlik
Brian P. Mulry
Amanda Beck

Of Counsel
Linn K. Coombs

The Law Offices of
Gagen, McCoy, McMahon, Koss
Markowitz & Raines
A Professional Corporation

**Danville Office**
279 Front Street
P.O. Box 218
Danville, California 94526-0218
Telephone: (925) 837-0585
Fax: (925) 838-5985

**Napa Valley Office**
The Offices At Southbridge
1030 Main Street, Suite 212
St. Helena, California 94574
Telephone: (707) 963-0909
Fax: (707) 963-5527

Please Reply To:
Danville

October 8, 2007

**VIA FAX (866)947-0496**

Tracy Conine
MetLife Auto and Home
Senior Claim Adjuster
Dallas Field Claim Office
Ext. 5614

Re:   Your Customer/Insured:   Malcolm M. Synigal, Sr.
      Your Claim No:            DAB62661 DO
      Date of Loss:             March 22, 2006
      Claimant:                 NaDawn Brown

Dear Ms. Conine:

In response to your letter of this date, please be advised that a copy of the Summons and Complaint was sent to your insureds, Mr. and Mrs. Synigal, with a postmark date of September 13, 2007. Please obtain counsel, authorized to practice in California, to protect the interests of Mr. and Mrs. Synigal. Time is of the essence.

I enclose a copy of the criminal complaint charging Marlin Synigal with murder. Proceedings remain suspended because Marlin was determined to be incapable of standing trial as a result of developmental disabilities. He remains incarcerated in Contra Costa County awaiting the availability of bed space in the Porterville State Hospital. We do not anticipate any change in his status for the foreseeable future.

Very truly yours,

William E. Gagen, Jr.

WEG/nsb
cc:   Mr. and Mrs. Synigal
Enc.

**EXHIBIT 1**

F:\CL\WEG\37837\Civil\MetLife Ltr 10-08-07.doc

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
MARTINEZ

THE PEOPLE OF THE STATE OF CALIFORNIA,

VS.

MARLIN SYNIGAL,

DEFENDANT./

NO. 220484-0
DA NO. M 06 000082-8
COMPLAINT - FELONY

01) PC 187
02) PC 459/460(a)
W/DEF ENHANCEMENTS

The undersigned states, on information and belief, that MARLIN SYNIGAL, Defendant, did commit a felony, a violation of PENAL CODE SECTION 187 (MURDER), committed as follows:

On or about March 22, 2006, at Oakley, in Contra Costa County, the Defendant, MARLIN SYNIGAL, did unlawfully and with malice aforethought murder Nadawn BROWN, a human being.

CHARGE ENHANCEMENT
USE OF DEADLY/DANGEROUS WEAPON

It is further alleged, pursuant to Penal Code section 12022(b)(1), that in the commission and attempted commission of the above offense the Defendant, MARLIN SYNIGAL, personally used a Dumbbell Bar, a deadly and dangerous weapon.

COUNT TWO:

The undersigned further states, on information and belief, that MARLIN SYNIGAL, Defendant, did commit a felony, a violation of PENAL CODE SECTION 459/460(a) (FIRST DEGREE RESIDENTIAL BURGLARY), committed as follows:

On or about March 22, 2006, at Oakley, in Contra Costa County, the Defendant, MARLIN SYNIGAL, did unlawfully enter a dwelling house, trailer coach, and inhabited portion of a building, which was inhabited by Nadawn BROWN and located at 2211 El Lago Drive, with the intent to commit larceny, murder and a felony.

CHARGE ENHANCEMENT
USE OF DEADLY/DANGEROUS WEAPON

It is further alleged, pursuant to Penal Code section 12022(b)(1), that in the commission and attempted commission of the above offense the Defendant, MARLIN SYNIGAL, personally used a Dumbbell Bar, a deadly and dangerous weapon.

*Felony Complaint*

```
PEOPLE V. MARLIN SYNIGAL                              NO. 220484-0
                              PAGE   2               DA NO. M 06 000082-8
```

CHARGE SPECIAL ALLEGATION
16 YEAR OLD MINOR - 707(b) CRIME

It is further alleged, pursuant to subdivision (d)(1) of Section 707 of the Welfare and Institutions Code, that the Defendant, MARLIN SYNIGAL, was a minor who was at least 16 years of age at the time of the commission of the above offenses.

COMPLAINANT REQUESTS THAT DEFENDANT(S) BE DEALT WITH ACCORDING TO LAW. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
DATED: March 24, 2006        AT MARTINEZ, CALIFORNIA


                                    _____
                                    DETECTIVE GOLDBERG
                                    COMPLAINANT

_____
HAROLD W. JEWETT/ks
DEPUTY DISTRICT ATTORNEY            CONTRA COSTA COUNTY SHERIFF

**EXHIBIT 2**

Dallas Field Claim Office
Mail Processing Center
Po Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife® Auto & Home**

October 18, 2007

Malcolm and Angela Synigal Sr
Marlin Synigal
4585 El Monte CT
Oakley, CA 94561

Our Customer:       Malcolm M. Synigal Sr
Our Claim Number:   DAB62661 DO
Date of Accident:   March 22, 2006

Dear Messrs. and Ms. Synigal:

This letter is written concerning that certain action that has been filed against you in the Superior Court of California for Contra Costa County entitled *Danita King v. Marlin Synigal, Malcolm Synigal, Sr., and Angela M. Synigal* which bears case number 007 01910 ("the King Action"). The King Action has been tendered to MetLife Auto & Home for defense and indemnity under a homeowners' insurance policy issued to Malcolm M. Synigal, Sr. and Angela M. Synigal by Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan Direct") which bears policy number 8993590640 ("the Metropolitan Insurance Policy").

As is discussed below, Metropolitan Direct will provide you with a defense to the claims asserted in the King Action; however, it does not appear that the subject matters complained of are actually within the scope of the coverage afforded under the Metropolitan Insurance Policy. Accordingly, the defense provided by Metropolitan Direct will be subject to certain reservations, including the right to withdraw from the defense at any time, the right to decline to provide indemnity, and the right to institute an action for declaratory relief to have the rights and obligations of the parties determined in a judicial forum.

Please note that the position of Metropolitan Direct regarding insurance coverage is based upon the information presently available to it, and is set forth as comprehensively as possible at this time. It should be noted, however, that the discussion which follows is not exhaustive on the subject of insurance coverage. The fact that this letter does not mention or comment upon provisions, conditions or exclusions set forth in the Metropolitan Insurance Policy is in no way intended to be, and shall not constitute, a waiver of the applicability of any provisions, conditions, exclusions or defenses which may also exist but which are not discussed herein.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL TEMPLATE                                                    Printed in U.S.A  0698

**EXHIBIT 2**

### The King Action.

The King Action is brought by the mother of Nadawn Brown who is suing for the alleged wrongful death of her daughter at the hands of Marlin Synigal. It is alleged that Marlin caused the death of Nadawn Brown by beating her with a barbell and strangling her. It is alleged that Malcolm and Angela Synigal are liable because they allegedly negligently supervised Marlin. The complaint seeks general and punitive damages.

As you know, Marlin has been arrested and charged with the murder of Nadawn Brown. As of the date of this letter, we have not been advised as to the status of the criminal proceedings that are pending against him.

### The Metropolitan Insurance Policy.

The Metropolitan Insurance Policy is a standard homeowners policy, and was issued for the policy period of February 1, 2006 to February 1, 2007. It affords various types of insurance coverage for the Synigal residence located at 4585 El Monte Court, Oakley, California, including coverage for damage to the dwelling located on the property, damage to private structures, and loss of personal property, none of which coverages are applicable to the claims asserted in the King Action. The Metropolitan Insurance Policy also affords "personal liability" coverage as is discussed below.

The first paragraph of the Metropolitan Insurance Policy provides, in pertinent part:

> The terms of this policy impose joint obligations on all persons defined as "you". This means that the responsibilities, acts and failures to act of a person defined as "you" will be binding upon another person defined as "you".

In pertinent part, Metropolitan Insurance Policy affords the following coverage under the section entitled **COVERAGE F - PERSONAL LIABILITY**:

> **We** will pay all sums for **bodily injury** ... to others for which the law holds **you** responsible because of an **occurrence**. ...

The relevant definitions are as follows:

> "**BODILY INJURY**" means any bodily harm, sickness or disease. This term includes required care, loss of services and death if it is a result of such bodily injury, sickness or disease.

> "**OCCURRENCE**" means an accident, including continuous or repeated exposure to substantially the same harmful conditions, resulting in **bodily injury** ... during the term of the policy.

"YOU" and "YOUR" mean:

1. the person or persons named in the Declarations and if a resident of the same household:
   A. the spouse of such person or persons;
   B. the relatives of either;
   C. any other person under the age of twenty-one and in the care of any of the above.

The Metropolitan Insurance Policy contains a number of exclusions in that part of the policy entitled **SECTION II - LOSSES WE DO NOT COVER**. The exclusion relevant to this discussion is the following:

**UNDER COVERAGE F - PERSONAL LIABILITY ... WE DO NOT COVER**

1. **bodily injury** .. which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts. This exclusion is applicable even if **you** lack the mental capacity, for whatever reason, to govern **your** conduct

### Discussion.

The first thing to note is that Marlin comes within the definition of "you" as "you" is used in the Metropolitan Insurance Policy. This is because he is a relative of Mr. and Mrs. Synigal and residing in their household.

The Metropolitan Insurance Policy affords coverage for "bodily injury" claims which are the result of an "occurrence," which is defined as an accident. The information available regarding the death of Nadawn Brown indicates that her death was the result of acts that were not accidental in nature.

In addition, the Metropolitan Insurance Policy excludes coverage for claims involving "bodily injury" that results from the commission of a criminal act, and the exclusion applies even if "you lack the mental capacity, for whatever reason, to govern your conduct."

The concept of "you" in this regard includes both Marlin and Mr. and Mrs. Synigal. This is because all three persons come within the definition of "you," and because the Metropolitan Insurance Policy expressly provides that "the responsibilities, acts and failures to act of a person defined as 'you' will be binding upon another person defined as 'you'.

### Conclusion.

Based on the foregoing, it does not appear that the claims asserted in the King Action are within the scope of coverage afforded under the Metropolitan Insurance Policy. Nevertheless, Metropolitan Direct will provide you with a full and complete defense to

the claims asserted therein, subject to the reservations noted above, namely: the right to withdraw from the defense at any time, the right to decline to provide indemnity, and the right to institute an action for declaratory relief to have the rights and obligations of the parties determined in a judicial forum. Moreover, if coverage did exist under the Metropolitan Insurance Policy, which does not appear to be the case, no coverage would exist for any award of damages in excess of the policy limits, and no coverage would exist for any award of punitive damages.

Metropolitan Direct is retaining the Law Firm of Cesari, Werner, and Moriarty to act as defense counsel in this matter. We trust that you will provide Mr. Werner with your full and complete cooperation.

If you believe that coverage for this claim has been wrongfully denied, you may have the matter reviewed by the California Department of Insurance, Claims Services Bureau, 11th Floor, 300 South Spring Street, Los Angeles, California 90013, (800) 927-4357 or (213) 897-8921, although you are under no obligation to do so.

If you have any questions, please do not hesitate to contact the undersigned at your convenience. Nothing stated in this letter, or omitted to be stated in this letter, herein shall constitute a waiver of any claims, rights, causes of action, rights of action, defenses, positions, or remedies possessed by Metropolitan Direct, all of which are expressly reserved.

Sincerely,

Tracy Conine
Metropolitan Property and Casualty Insurance Company
Senior Claim Adjuster
800-854-6011 Ext. 5614
Fax: (866)947-0496


CC: William Gagen VIA FAX 925-838-5985