```
Jeffrey A. Charlston (SBN 065427)
Stephen P. Soskin (SBN: 101389)
Thomas S. Flynn (SBN 194231)
```
**CHARLSTON, REVICH & CHAMBERLIN LLP**
1925 Century Park East, Suite 1250
Los Angeles, California 90067-2746
Telephone: (310) 551-7000
Facsimile: (310) 203-9321

Attorneys for Plaintiff Metropolitan Direct
Property and Casualty Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MALCOLM M. SYNIGAL, SR., an individual, and ANGELA M. SYNIGAL, an individual, and DANITA KING, an individual,<br><br>Defendants. | CASE NO.: C 07-05466 WHA<br><br>**METROPOLITAN'S REQUEST FOR ORAL ARGUMENT REGARDING THE SYNIGALS' MOTION TO DISMISS OR STAY** |

   Plaintiff Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan") hereby requests oral argument regarding the Motion to Dismiss or Stay of Malcolm and Angela Synigal (the "Synigals"), which is currently scheduled to be heard on January 24, 2008. Metropolitan seeks to address issues including, but not limited to, the following:

   1.   The undisputed facts will show that Marlin killed Nadawn Brown volitionally. Such facts are sufficient to preclude coverage under the policy because they negate an "occurrence"—i.e accident—and otherwise trigger the policy's intentional and criminal acts exclusion, which applies "even if you lack the mental capacity, for whatever reason, to govern your conduct." Thus, there is no overlap between the issues in this action and disputed issues in the underlying actions.

2.  The Synigals, however, argue in their reply, page 2, lines 3-4, that there *might* be overlap between this case and the underlying criminal and civil actions because "There is no evidence of how Ms. King [sic] died or what Marlin actually did, let alone what he thought he was doing, or what he understood was happening." Yet, there is no evidence because disclosure and discovery have not commenced. Metropolitan has made an offer of proof, to which the Synigals have not offered contrary proof, that undisputed facts will show Marlin Synigal volitionally killed Nadawn Brown. Thus, coverage is precluded without "overlap" with disputed issues in the underlying actions.

3.  On page 3 of the reply, the Synigals cite several cases for the proposition that Marlin's mental capacity at the time of the killing is relevant to whether his acts constituted an "occurrence."[1] However, the cases the Synigals cite do not address the meaning of "occurrence" in a liability insurance policy, and, accordingly, are inapposite.

4.  On pages 3-4 of the reply, the Synigals attempt to distinguish *Griffin v. Allstate Ins. Co.*, 2006 WL 3334936 (N.D. Cal.), by stating that *Griffin* could only be decided under an expanded evidentiary record showing that the insane insured knew he was stabbing a person and not a pumpkin. However, as stated in point 2, Metropolitan has offered proof that undisputed facts will show Marlin knew he was injuring Ms. Brown. Thus, there is no overlap.

5.  On pp. 5-7 the Synigals argue that there is overlap between the criminal acts exclusion and the criminal charges against Marlin because there would be no crime if Marlin were found insane. In the alternative, the Synigals argue that the criminal acts exclusion is ambiguous in that it applies regardless of the insured's mental state, but in California insane actors cannot commit a crime. However, the policy

---

[1] *Congregation of Rodef Sholom of Marin v. American Motorists Ins. Co.*, 91 Cal. App. 3d 690, 697-698 (1979); *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865 (1978); *Ruvolo v. American Casualty Co.*, 39 N.J. 490 (1963)

1 contains an *Intentional and* Criminal Acts Exclusion that applies regardless of the
2 insured's mental state, and it is undisputed that Marlin's acts were intentional.
3 Thus, Marlin falls within the exclusion regardless of whether he was "insane" for
4 the purposes of criminal liability.

5  6. On pages 7-8 of the reply, the Synigals argue that collateral estoppel would attach
6 to Marlin because he is in privity with his parents, citing *Clemmer v. Hartford*
7 *Insurance Co.* 22 Cal.3d 865, 875 (1978). But *Clemmer* does not stand for
8 "parental privity," and *Clemmer's* due process principles would preclude collateral
9 estoppel as to Marlin because he is not represented in this action, and, of course,
10 the burden of proof is much more substantial in a criminal action.

11 Thus, Metropolitan requests that the Court not vacate the hearing date on the Synigals'
12 Motion and afford Metropolitan oral argument.

DATED: January 14, 2008

CHARLSTON, REVICH & CHAMBERLIN LLP
JEFFREY A. CHARLSTON
STEPHEN P. SOSKIN
THOMAS S. FLYNN


By: /S/
Thomas S. Flynn
Attorneys for Plaintiff Metropolitan Direct
Property and Casualty Insurance Company

PROOF OF SERVICE
1013(a) (3) C.C.P.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 Century Park East, Suite 1250, Los Angeles, California 90067-2746.

On December 20, 2007, I served the foregoing document described as **METROPOLITAN'S REQUEST FOR ORAL ARGUMENT REGARDING THE SYNIGALS' MOTION TO DISMISS OR STAY** on the interested parties in this action as follows:

Clarence Livingston, Jr.
Law Offices of Clarence Livingston, Jr.
One Kaiser Plaza, Suite 2300
Oakland, CA 94612

Attorneys for Defendant DANITA KING

The documents were served by the following means:

**X**  **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  **STATE**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**X**  **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 14, 2008 at Los Angeles, California.

_____/S/_____
MARY GRIFFIN