United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

METROPOLITAN DIRECT PROPERTY
AND CASUALTY INSURANCE
COMPANY, a Rhode Island Corporation,

    Plaintiff,

  v.

MALCOLM M. SYNIGAL SR., an individual,
ANGELA M. SYNIGAL, an individual, and
DANITA KING, an individual,

    Defendants.

No. C 07-05466 WHA

**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STAY**

**INTRODUCTION**

In this declaratory relief action, defendants Malcolm M. Synigal, Sr., and Angela M. Synigal move to dismiss or, in the alternative, to stay this action pending related state civil and criminal actions. This order **DENIES** defendants' motion to dismiss and **GRANTS** defendants' motion to stay this action.

**STATEMENT**

This declaratory relief action was filed on October 26, 2007, by Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan") seeking a judicial determination under 28 U.S.C. 2201 that coverage does not exist under a homeowners insurance policy issued by Metropolitan to Malcolm and Angela Synigal for claims asserted in a wrongful-death action

in state court. The wrongful-death action involves claims brought by Danita King on the theory that Malcolm and Angela Synigal's son, Marlin Synigal, intentionally assaulted and/or negligently accosted King's daughter, Nadawn Brown, thus causing her death. In the instant action, Metropolitan asserts that Marlin intentionally injured and killed Brown, and thus the resulting injuries were not covered by the policy.

On March 24, 2006, a criminal complaint was filed against Marlin Synigal in Contra Costa County Superior Court for murder and burglary (Compl. Exh. A at 1). The complaint alleged that on March 22, 2006, Marlin unlawfully entered Nadawn Brown's dwelling with the intent to commit larceny, murder, and a felony, and that Marlin unlawfully and with malice aforethought murdered Brown. The complaint further alleged that Marlin used a deadly and dangerous weapon, a dumbbell bar, in the commission of these offenses. It was further alleged that Marlin was a minor who was at least 16 years of age at the time of the offenses. Marlin never entered a plea (Opp. 4). Proceedings remain suspended because Marlin was deemed incompetent to stand trial due to developmental disabilities (Sebransky Decl. Exh. 1 at 1). As of October 18, 2007, Marlin apparently remained incarcerated in Contra Costa County, awaiting space in the Porterville State Hospital (*ibid.*). At hearing, defense counsel represented that Marlin has since been transferred to a psychiatric hospital.

Danita King filed a wrongful-death action against Malcolm, Angela, and Marlin Synigal in Contra Costa County Superior Court on August 29, 2007 (Compl. Exh. B at 1). The civil action asserted causes of action for negligence and intentional tort on the theory that Marlin intentionally assaulted and/or negligently accosted Brown, and that Malcolm and Angela Synigal negligently supervised their son.

In the instant declaratory relief action, Metropolitan concedes that Marlin, Malcolm, and Angela were all insured under the policy on or about March 22, 2006, the date of Brown's death (Compl. ¶¶ 16–27). Metropolitan asserts that claims arising from her death were not covered by the policy because her death was not an "occurrence" within the definition of the policy and was the result of Marlin's intentional and/or criminal acts, which were excluded from coverage under the policy. The policy provided coverage for bodily injury arising from an "occurrence"

(Compl. Exh. C at 21), which is defined as an "accident" (*id*. at 7). The policy explicitly excluded coverage for bodily injury that was the "result of [the insured's] intentional and criminal acts" (*id*. at 22), and the policy provided that such exclusion was applicable even if the insured lacked the "mental capacity, for whatever reason, to govern [his] conduct" (*ibid.*).

Marlin, Malcolm, and Angela Synigal tendered Danita King's wrongful-death action to Metropolitan for defense and indemnity. Metropolitan agreed to defend the Synigals in the wrongful-death action, but also issued a reservation of rights letter on October 18, 2007, advising the Synigals that the claims asserted in the wrongful-death action did not appear to be covered by the policy, and that Metropolitan reserved the right to commence an action for declaratory relief to determine the liabilities of the parties (Sebransky Decl. Exh. 2).

**ANALYSIS**

Determination whether to stay an action for declaratory relief over which a federal court, as here, has statutory jurisdiction is a discretionary question for the district court:

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

The Ninth Circuit articulated the relevant factors for a court to consider in making the discretionary determination whether to retain jurisdiction over an action for declaratory relief in *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). As a touchstone, a court should look to the so-called *Brillhart* factors: avoiding needless determination of state-law issues, discouraging forum shopping, and avoiding duplicative litigation. The court held that the *Brillhart* factors are not exhaustive and suggested the following additional factors a court may consider:

> . . . whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the

3

> district court might also consider the convenience of the parties,
> and the availability and relative convenience of other remedies.

*Id.* at 1225 n.5 (internal citation omitted).

*     *     *

### 1.    UNNECESSARY AND DUPLICATIVE LITIGATION.

The real question, with respect to the *Brillhart* factors, is to what degree this action invites unnecessary, duplicative litigation. This order finds that allowing this declaratory relief action to proceed at this time would result in unnecessary and duplicative determination of state-law issues, and thus staying this action pending resolution of the underlying state court actions is proper. The question whether Marlin deliberately and intentionally injured and thereby killed Brown is central to the question of coverage under the policy, as well as to the resolution of both the state criminal and civil actions.

In order to resolve this declaratory relief action, it must be determined whether the bodily injuries incurred were the result of an "occurrence" under the terms of the policy, and also whether the injuries were the result of Marlin's "intentional" or "criminal" acts. Both of these questions require the factual determination whether Marlin deliberately and intentionally injured Brown, and the related factual determination whether Marlin injured Brown through criminal actions. Metropolitan contends that it is undisputed that Marlin deliberately and intentionally injured Brown, and that these injuries caused Brown's death (Opp. 7). There is no evidence before this Court, however, that Marlin intentionally or deliberately injured Brown. Metropolitan offers as evidence merely the criminal complaint (Compl. Exh. A) and the state civil action complaint (Compl. Exh. B). The bare allegations in these complaints are insufficient to reach a finding with respect to Marlin's intent for the purpose of determining coverage under the policy. Indeed, Metropolitan even asserts that discovery will be needed concerning "Marlin's conduct leading to Ms. Brown's death" (Joint Case Management Conference Statement 12).

Although the complaint in the instant action asserts that Brown's death was the result of Marlin's "intentional or criminal act," and thus came within the intentional and criminal acts exclusion in the policy (Compl. ¶ 29), Metropolitan does not contend that the issue whether

4

1   Marlin committed a criminal act for the purposes of the exclusion can be resolved in the instant
2   declaratory relief action. Metropolitan instead bases all arguments on the erroneous contention
3   that Marlin's intent is undisputed (Metropolitan's Request for Oral Argument ¶ 5).
4         Admittedly, the issues of intent in the underlying state criminal and civil actions are
5   distinctly different legal questions from the issue of intent for the purpose of coverage under the
6   policy. However, this order finds the court's reasoning in *Allstate Insurance Company v.*
7   *Harris*, 445 F. Supp. 847 (N.D. Cal. 1978), to be persuasive and on point. There, the district
8   court found it proper to stay the declaratory relief action regarding insurance coverage until the
9   related state court action was resolved where, as here, both actions turned on factually related,
10  but legally distinct, questions of intent. The court found that where the factual issue of intent
11  was in dispute, to resolve the issue in a separate federal court action when a "similar issue
12  involving the same evidence and essentially the same parties is pending in state court, and when
13  all parties other than the insurance company are citizens of California, causes this Court grave
14  concern." *Id*. at 850. The court noted that, because the legal question of intent for the purpose
15  of insurance coverage would not necessarily be resolved in the related state court action, the law
16  under *Brillhart* did not require the court to decline diversity jurisdiction over the declaratory
17  relief action. *Id*. at 850–51. For this reason, the court found that it would be an abuse of
18  discretion for the court to dismiss the declaratory relief action altogether. *Ibid*. The court
19  looked to additional considerations of the interests of the parties involved and the potential
20  effects of collateral estoppel, and despite the fact that the declaratory relief action would clarify
21  the legal relations at issue, was persuaded that a stay of the declaratory relief action was
22  appropriate. *Id*. at 851–52. The court found that proceeding with the declaratory relief action
23  before the resolution of the related state court action would result in an "unwarranted
24  interference" with the state court's adjudication of state-law issues. *Ibid*.
25        Metropolitan seeks to distinguish *Allstate v. Harris* on the ground that claims of
26  imperfect self-defense in that action brought into question application of the intentional acts
27  exclusion (Opp. 7). This argument, however, is based on Metropolitan's erroneous contention
28  that Marlin's intent is undisputed. *Allstate v. Harris* is clearly analogous to the current action in

5

that the factual question of intent is in dispute in both the declaratory relief action and the related state court action.

### 2. COLLATERAL ESTOPPEL.

As discussed above, the court's decision to stay the declaratory relief action in *Allstate v. Harris* was based in part on principles of collateral estoppel. *Id*. at 851–52. The court found that while collateral estoppel principles are clear that the *insurer* would not be bound by the outcome of the underlying civil action to which it was not a party, the *insured* could well be collaterally estopped from relitigating the issue of intent in the subsequent state action. *Ibid.* Although Metropolitan has not named Marlin Synigal as a defendant in the current action, it is clear that determination of Marlin's intent in this action could have the effect of precluding insureds Malcolm and Angela Synigal from relitigating the issue of Marlin's intent. Thus, staying this action is proper to protect insureds Malcolm and Angela Synigal from being bound by this Court's determination of Marlin's intent.

Thus, allowing this declaratory relief action to proceed at this time would result in unnecessary and duplicative litigation of disputed factual issues. A stay of proceedings pending resolution of the underlying state court actions is proper.

### 3. CLARIFICATION OF LEGAL RELATIONS.

This order agrees with Metropolitan that this declaratory relief action would "serve a useful purpose in clarifying the legal relations at issue" by determining the relationships and liabilities of the parties. *Dizol*, 133 F.3d at 1225 n.5. After careful consideration of the relevant factors, however, this order finds that determination of these legal relations at this juncture, when related issues of Marlin's intent are in dispute in the underlying state actions, would be imprudent.

## CONCLUSION

For all of the above-stated reasons, defendants' motion to dismiss is **DENIED** and defendants' motion to stay is **GRANTED**. It is hereby ordered that this action is stayed until the civil action now pending in the Superior Court of the State of California for the County of

Contra Costa is resolved, or until such earlier time as the Court may, on good cause shown, allow. A further case management conference will be held on **July 17, 2008, at 11:00 a.m.** to determine whether the stay should be lifted.

**IT IS SO ORDERED.**

Dated: January 24, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE